CLIFTON W. ORR v. PAUL PEEK and F. B. CORBOY, INC.

194 So. 341
Division B
Opinion Filed March 1, 1940

*George P. Garrett,* for Plaintiff in Error;
*Baker & Thornal,* for Defendants in Error.

PER CURIAM.—Writ of error from the circuit court of Orange County. Clifton W. Orr, being lessee of certain property in Orlando, Florida, entered into an oral lease of the premises from month to month with Paul Peek. Peek failed to pay the rent for several months, and distress warrant was issued pursuant to Section 5424 (3560) C. G. L. Sheriff levied on all the personal property on the premises, and an order was entered by the circuit court finding rent in the amount of $620.00 to be due Orr and ordering sale of the property necessary to pay that amount.

F. B. Corboy, third party claimant, filed Claim Affidavit *nunc pro tunc,* alleging that four of the used cars found on the premises were the property of F. B. Corboy, Inc., and were not subject to the distress. The case was tried by the circuit court without the intervention of a jury, and it was found that the cars were not subject to the distress inasmuch as they were not usually kept on the premises.

It is not necessary that bond be given by third party claimant as this is an action to finally adjudicate the rights of the parties to the suit, the property remaining in the custody of the court until the action becomes final.

The circuit judge, in his findings, said:

"The question arises whether the property might be usually kept upon more than one location of premises, which I am reluctant to decide. While yesterday I was inclined to think so, upon further consideration I am not so favorable to the idea. Certainly it is shown that the cars were kept daily (nightly) at other premises and that

they separately and jointly remained at the other premises the greater portion of the time.

"The best I am able to define my thoughts about the 'usually kept' phrase is that it means property regularly and habitually if not continuously kept on the premises and that was kept there as a general thing and only removed at occasional intervals.

" "My conclusion is that the property of F. B. Corboy, Inc., claimant, was not usually kept on the premises within the meaning of the statute, hence was not subject to the landlord's lien for rent."

We agree with the definition of "usually kept" as set out in the findings of the court. The property of F. B. Corboy, Inc., as shown by the evidence and found by the court in this case, was not such as was usually kept on the premises within the meaning of Section 5420 (3556) C. G. L.

Plaintiff in error attempts to have this court pass on the question of whether or not Corboy, individually, or F. C. Corboy, Inc., was the sub-lessee of Peek. This was not passed on by the circuit court and it is not necessary to our disposal of the issue in this case to pass on it here.

No error appearing, the final judgment of the circuit court releasing the four cars of F. B. Corboy, Inc., from the distress is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.